IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Criminal Action No. 11-cr-00326-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAQUAN D. HARGROVE,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on review of defendant, Laquan D. Hargrove's, competency to stand trial.

On January 12, 2012, after reviewing the report and recommendation of the Bureau of Prisons's forensic psychiatrist David Morrow, I issued an Order stating that I found Hargrove incompetent to stand trial and I committed Hargrove to the custody of the Attorney General for attempted restoration proceedings, pursuant to 18 U.S.C. §§ 4241(d)(1) and 4241(d)(2) [ECF No. 39].[1] On November 14, 2012, the Bureau of

---

[1] Pursuant to 18 U.S.C. § 4241(d):

> Determination and disposition. If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility--
>
> > (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain

- 2 -

Prisons's forensic psychiatrist, Dr. Lee Ann Preston Baecht, submitted a report detailing Hargrove's treatment and opined that Hargrove was competent to stand trial [ECF NO. 53].

I have reviewed Dr. Baecht's report and the accompanying documents contained in the record.  Further, I held a hearing on January 30, 2013, to inquire as to the parties' positions on Hargrove's competency and to determine whether further evidence or argument was necessary on the issue of competency.  Both parties stated at the hearing that they had no objection to Dr. Baecht's findings or her conclusion that Hargrove is competent to stand trial.  Accordingly, it is

ORDERED that Dr. Lee Ann Preston Baecht's findings contained in her November 14, 2012, report are **ADOPTED** as the findings of this Court.  It is

FURTHER ORDERED that the defendant, Laquan D. Hargrove, is **ADJUDGED** competent to permit these proceedings to go forward.

---

the capacity to permit the proceedings to go forward; and

(2) for an additional reasonable period of time until--

(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

(B) the pending charges against him are disposed of according to law whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248 [18 USCS §§ 4246 and 4248].

- 3 -

Dated: March 5, 2013.

         BY THE COURT:

         /s/ Wiley Y. Daniel
         Wiley Y. Daniel
         Senior U. S. District Judge