IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Criminal Action No. 11-cr-00326-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAQUAN D. HARGROVE,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on: (1) Defendant's Restricted Application For Issuance Of Subpoena Duces Tecum Under Rule 17(b) And (c) For Production Of Records [ECF No. 79]; (2) the Government's Motion In Limine to Exclude Evidence Of The Defendant's Diminished Mental Capacity, Mental Disease, Or Defect, Other Than Insanity [ECF No. 80]; and, (3) the Government's Motion To Quash Defendant's Ex Parte Subpoena Duces Tecum Under Rule 17(c) [ECF No. 88]. For the reasons stated below: (1) Laquan D. Hargrove's Restricted Application For Issuance Of Subpoena Duces Tecum Under Rule 17(b) And (c) For Production Of Records [ECF No. 79] is DENIED; (2) the Government's Motion In Limine to Exclude Evidence Of The Defendant's Diminished Mental Capacity, Mental Disease, Or Defect, Other Than Insanity [ECF No. 80] is GRANTED; and, (3) the Government's Motion To Quash Defendant's Ex Parte Subpoena Duces Tecum Under Rule 17(c) [ECF No. 88] is GRANTED to the extent the Government seeks denial of Hargrove's motion [ECF No.

79].

## BACKGROUND

Pursuant to an Indictment [ECF No. 7] filed on August 15, 2011, defendant, Laquan D. Hargrove, is charged with: (1) intentional forcible assault on an officer of the United States, in violation of 18 U.S.C. § 111(a)(1)[1]; (2) intentionally resisting, opposing, impeding, intimidating, and interfering with officers of the United States, in violation of 18 U.S.C. § 111(a)(1); and, (3) intentional assault, in violation of 18 U.S.C. § 113(a)(5)[2].

The charges arise out of an altercation between Hargrove and a hotel attendant. At approximately 4:00 a.m. the morning of August 10, 2011, Fort Carson Police Department ("FCPD") received a call reporting an attack at the Colorado Inn. According to the report given to FCPD, Hargrove allegedly grabbed the hotel attendant and

---

[1] Pursuant to 18 U.S.C. § 111(a):

> (a) In general. Whoever--
>
>> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title [18 USCS § 1114] while engaged in or on account of the performance of official duties . . .
>
> \* \* \* \*
>
>> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

[2] Pursuant to 18 U.S.C. § 113(a)(5):

> (a) Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:
>
> \* \* \* \*
>
> (5) Simple assault, by a fine under this title or imprisonment for not more than six months, or both, or if the victim of the assault is an individual who has not attained the age of 16 years, by fine under this title or imprisonment for not more than 1 year, or both.

refused to let her go until his friend, Keith Hinton, advised him that the hotel had cameras and the whole incident would be caught on camera. FCPD Officers searched for and found Hargrove in a field near the hotel's vicinity. FCPD Officers detained Hargrove and advised him they were questioning him about an incident at the local hotel. Hargrove then allegedly shouted, "Oh fuck no!" and head-butted FCPD Officer Nicholas Simmons. Officer Simmons and Hargrove fell to the ground and Hargrove allegedly kicked Officer Simmons in an attempt to break free. FCPD Officers Adam Doyle and Nicholas Murtha arrived on the scene and helped Officer Simmons restrain Hargrove. However, over the following two hours, Hargrove allegedly continued to resist and struggle with FCPD Officers while they called in for and awaited medical assistance. Hargrove allegedly kicked and spat on the Officers and threatened them by saying he would kill their wives and girlfriends. Hargrove also allegedly shouted racist insults that he hated white people. The Officers eventually tased Hargrove and he subsequently became compliant.

On April 10, 2013, Hargrove field a Restricted Application For Issuance Of Subpoena Duces Tecum Under Rule 17(b) And (c) For Production Of Records [ECF No. 79] requesting, *ex parte*, that I issue a subpoena *duces tecum* to Rick Holden, Custodian of Records for the United States Marshals, to produce "[t]he US Marshals mug shot also known as the booking photo of Laquan D. Hargrove taken on or about August 10, 2011." ECF No. 79, p. 1. On April 19, 2013, the Government filed a Motion In Limine to Exclude Evidence Of The Defendant's Diminished Mental Capacity, Mental Disease, Or Defect, Other Than Insanity [ECF No. 80]. In that motion, the Government requests that I exclude evidence of Hargrove's diminished mental capacity, mental

disease, or mental defect pursuant to the Insanity Defense Reform Act ("IDRA"), 18 U.S.C. § 17, because he is charged with general intent crimes.

On April 25, 2013, I held a Motions Hearing and Status Conference in which the parties addressed all pending motions. After listening to Hargrove's argument regarding his Restricted Application For Issuance Of Subpoena Duces Tecum Under Rule 17(b) And (c) For Production Of Records [ECF No. 79], I ordered the Government to file a supplemental brief on or before Friday, May 10, 2013, regarding whether *ex parte* application for documents under Rule 17(c) of the FEDERAL RULES of CRIMINAL PROCEDURE is appropriate.[3] On May 8, 2013, the Government filed a Motion To Quash Defendant's Ex Parte Subpoena Duce Tecum Under Rule 17(c) arguing that: (1) FED. R. CRIM. P. 17(c) is not the proper medium to seek impeachment evidence; and, (2) *ex parte* application for a subpoena *duces tecum* under FED. R. CRIM. P. 17(c) is not warranted.

## ANALYSIS

### A.  FED. R. CRIM. P. 17(c) and Subpoenas *Duces Tecum*

Hargrove seeks *ex parte* application for a subpoena *duces tecum* under FED. R. CRIM. P. 17(c) ordering Rick Holden, Custodian of Records for the United States Marshals, to produce "[t]he US Marshals mug shot also known as the booking photo of Laquan D. Hargrove taken on or about August 10, 2011." ECF No. 79, p. 1. Hargrove seeks the booking photo in hopes that it will reveal that Hargrove suffered a laceration to his right eye, which would impeach one of the FCPD's Officer's testimony that

---

[3] My order directing the Government to respond regarding *ex parte* application under FED. R. CRIM. P. 17(c) was broad in scope. I ordered the Government to respond as to whether *ex parte* application for <u>any</u> document under FED. R. CRIM. P. 17(c) is appropriate. I phrased this directive broadly so as not to disclose to the Government the specific document Hargrove seeks.

Hargrove head-butted Officer Simmons with the left side of his head.  In its Motion To Quash Defendant's Ex Parte Subpoena Duces Tecum Under Rule 17(c) [ECF No. 88], the Government opposes Hargrove's request for *ex parte* application and states that: (1) it has disclosed voluminous discovery documents pursuant to its duty under *Brady v. Maryland*, 373 U.S. 83 (1963) and FED. R. CRIM. P. 16, including booking photos; (2) FED. R. CRIM. P. 17(c) is not the proper medium to seek impeachment evidence; and, (3) *ex parte* application for a subpoena *duces tecum* under FED. R. CRIM. P. 17(c) is not warranted.

The booking photo Hargrove seeks is only relevant in that if it reveals what Hargrove says it may reveal, that he head-butted Officer Simmons with the right side of his head rather than the left side, it provides impeachment evidence against an FCPD Officer who testified that Hargrove used the left side of his head to head-butt Officer Simmons.  The Supreme Court of the United States has stated that "[g]enerally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *United States v. Nixon*, 418 U.S. 683, 701 (1974), *superseded on other grounds by* Rule 801(d)(2) of the FEDERAL RULES of EVIDENCE.  "[D]ocuments sought merely for the purpose of impeachment are not subject to production under Rule 17(c)." *United States v. Castro-Motta*, 2012 U.S. Dist. LEXIS 114732, *9 (D. Colo. Aug. 15, 2012) (Blackburn, J.); *see also United States v. Wittig*, 2008 U.S. Dist. LEXIS 55011, 14 (D. Kan. July 16, 2008) (citations omitted) ("as the Court previously stated, prior to trial, impeachment materials generally may not be obtained through a Rule 17(c) subpoena . . . "). Because Hargrove's primary purpose for the booking photo, assuming it reveals what he says it may reveal, is impeachment of a Government witness, a Rule

17(c) subpoena *duces tecum* is not the proper medium to obtain such evidence. Therefore, Hargrove's Restricted Application For Issuance Of Subpoena Duces Tecum Under Rule 17(b) And (c) For Production Of Records [ECF No. 79] is DENIED, and the Government's Motion To Quash Defendant's Ex Parte Subpoena Duces Tecum Under Rule 17(c) [ECF No. 88] is GRANTED to the extent the Government seeks denial of Hargrove's motion [ECF No. 79].

Though Hargrove's motion [ECF No. 79] is restricted at Level 3, which limits access to the filing party and the Court, this opinion which discloses the substance of Hargrove's request is not restricted because under this set of facts, *ex parte* application is not warranted. This opinion and the substance of Hargrove's motion [ECF No. 79] are not restricted for the reasons stated below.

Rule 17(c) does not expressly provide for *ex parte* application. The plain text leads one to conclude that the drafters did not intend for Rule 17(c) to provide for *ex parte* application. Further supporting this plain text interpretation is Rule 17(b)'s text.[4] Rule 17(b)'s opening clause states, "[u]pon a defendant's ex parte application . . . " Thus, Rule 17(b) expressly provides for *ex parte* application. Comparative analysis of the two rules leads one to conclude that had the drafters intended for *ex parte* application for a subpoena *duces tecum* under Rule 17(c), they would have stated such, because they did so in Rule 17(b). In *United States v. Hart*, 826 F. Supp. 380 (D. Colo. July 19, 1993), Judge Nottingham arrived at the same conclusion after analyzing Rule

---

[4] Pursuant to Fed. R. Crim. P. 17(b):

> Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

17(c)'s text.  Judge Nottingham stated:

> [T]he mechanism for obtaining documents, rule 17(c), negates any assumption that production should be on an *ex parte* basis. The plain language of rule 17(c) could not be clearer.  Where a defendant seeks the production of documents prior to trial, the court may permit these documents to be inspected by the parties and their attorneys.  There can be no right to an *ex parte* procurement of subpoenaed documents pretrial if the court has discretion to supervise their production by permitting both parties to inspect them prior to trial.

*Hart*, 826 F. Supp. at 381 (internal quotation marks and citation omitted).

However, Rule 17(c)(1) gives district courts the discretion to "permit the parties and their attorneys to inspect all or part" of the items disclosed pursuant to a subpoena *duces tecum*.  This permissive language supports an interpretation that allows a district court to deny an adverse party the ability to view documents tendered by way of a subpoena *duces tecum*. *See United States v. Tomison*, 969 F. Supp. 587, 591 (E.D. Ca. June 30, 1997) ("Since the rule itself contemplates that a court 'may' permit inspection by the parties of documents produced before trial, it follows that the Rule empowers the court to deny an adverse party the opportunity to inspect the documents").  When analyzing this permissive language, it is necessary to remain cognizant of a defendant's rights and the implications of granting or denying *ex parte* application. *See United States v. Daniels*, 95 F. Supp. 2d 1160, 1164 (D. Kan. April 5, 2000) (citations omitted) ("A party may have to detail its trial strategy or witness list in order to convince a court that the subpoena satisfies the Nixon standards.  Forcing any defendant to confront the choice between issuing a pre-trial subpoena duces tecum and disclosing his defense to the government places an unconstitutional limitation on the defendant's right to compulsory process").

Though Rule 17(c) does not expressly provide for *ex parte* application, I interpret Rule 17(c)'s permissive language to give a district court discretion on whether to allow *ex parte* application under certain circumstances. *See United States v. Beckworth*, 964 F. Supp. 1010, 1027 (E.D. Va. May 13, 1997) ("the Court finds that, in exceptional circumstances, *ex parte* procedure may be employed with respect to the application for, and the issuance of, a subpoena duces tecum returnable before trial"). That said, the facts of this case do not warrant *ex parte* application. Hargrove seeks a booking photo. The booking photo does not represent evidence that will decide an ultimate issue in the case. The booking photo is only relevant in that if it reveals what Hargrove says it may reveal, it provides impeachment evidence against an FCPD Officer. Thus, the booking photo bears only on a witness's credibility. Under this set of facts, *ex parte* application is unwarranted. To be clear, this ruling is limited in scope to the specific facts of this case and does not stand for the proposition that evidence sought by a subpoena *duces tecum* pursuant to FED. R. CRIM. P. 17(c) that may bear on a witness's credibility can never warrant *ex parte* application.

**B. The Government's Motion In Limine To Exclude Evidence Of The Defendant's Diminished Mental Capacity, Mental Disease, Or Defect, Other Than Insanity [ECF No. 80]**

The Government moves to exclude evidence of Hargrove's diminished mental capacity, mental disease, or mental defect pursuant to the Insanity Defense Reform Act ("IDRA"), 18 U.S.C. § 17, because he is charged with general intent crimes.

Pursuant to the IDRA:

> (a) Affirmative defense. It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect,

>was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.
>
>(b) Burden of proof. The defendant has the burden of proving the defense of insanity by clear and convincing evidence.

18 U.S.C. § 17.  The "IDRA eliminated all other *affirmative defenses or excuses* based upon mental disease or defect." *United States v. Brown*, 326 F.3d 1143, 1146 (10th Cir. 2003) (internal quotations and citation omitted).  "Thus, [the] IDRA bars the introduction of evidence of a defendant's mental disease or defect to demonstrate that he lacked substantial capacity to control his actions or reflect upon the consequences or nature of his actions." *Id.* (citing *United States v. Worrell*, 313 F.3d 867, 872 (4th Cir. 2002)). However, the United States Court of Appeals for the Tenth Circuit has held that "psychological or psychiatric evidence that negates the essential element of specific intent can be admissible." *Id.* at 1148.

The Tenth Circuit has held that violations of 18 U.S.C. §§ 111 and 113, the statutes in which Hargrove is alleged to have violated, are general intent crimes. *See United States v. Ricketts*, 146 F.3d 492, 497 (10th Cir. 1998) (citations omitted) ("we join other circuits in holding that § 111 is a general intent crime"); *United States v. Benally*, 146 F.3d 1232, 1237 (10th Cir. 1998) ("Assault resulting in serious bodily injury is a felony, see 18 U.S.C. § 113(a)(6); it is also a general intent crime").

Hargrove states that he "has no intention of pursuing an insanity defense" and has no objection with the Court excluding any defense asserted pursuant to 18 U.S.C. § 17. ECF No. 86, p. 2.  Hargrove further states that the offenses in which he is charged are general intent crimes and he "has no objection to the Court excluding evidence of

mental disease or defect to negate a specific intent element." *Id.*  As such, the Government's Motion In Limine to Exclude Evidence Of The Defendant's Diminished Mental Capacity, Mental Disease, Or Defect, Other Than Insanity [ECF No. 80] is GRANTED, and Hargrove is precluded from introducing any evidence of diminished capacity, mental disease, mental defect, or insanity.

## CONCLUSION

After careful consideration of the matters before this Court, it is

ORDERED that defendant, Laquan D. Hargrove's Restricted Application For Issuance Of Subpoena Duces Tecum Under Rule 17(b) And (c) For Production Of Records [ECF No. 79] is **DENIED**.  It is

FURTHER ORDERED that the Government's Motion To Quash Defendant's Ex Parte Subpoena Duces Tecum Under Rule 17(c) [ECF No. 88] is **GRANTED** to the extent the Government seeks denial of Hargrove's motion [ECF No. 79].  It is

FURTHER ORDERED that the Government's Motion In Limine to Exclude Evidence Of The Defendant's Diminished Mental Capacity, Mental Disease, Or Defect, Other Than Insanity [ECF No. 80] is **GRANTED**, and Hargrove is **precluded from introducing any evidence of diminished capacity, mental disease, mental defect, or insanity**.

Dated:  July 9, 2013.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge