IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Criminal Action No. 11-cr-00326-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAQUAN D. HARGROVE,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on: (1) Laquan D. Hargrove's Position Statement RE: Speedy Trial [ECF No. 85]; (2) the Government's Response To Defendant's Position Statement Regarding Speedy Trial [ECF No. 92]; (3) Laquan D. Hargrove's Supplemental Position Statement Re: Speedy Trial [ECF No. 95]; and, (4) the Government's arguments regarding the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, in its Motion To Set Hearing To Resolve Speedy Trial Act Issue And To Set Trial Dates [ECF No. 97]. For the reasons stated below, I refrain from issuing a ruling on how many days remain on defendant, Laquan D. Hargrove's, speedy trial clock pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*

**BACKGROUND**

Pursuant to an Indictment [ECF No. 7] filed on August 15, 2011, defendant, Laquan D. Hargrove, is charged with: (1) intentional forcible assault on an officer of the

United States, in violation of 18 U.S.C. § 111(a)(1)[1]; (2) intentionally resisting, opposing, impeding, intimidating, and interfering with officers of the United States, in violation of 18 U.S.C. § 111(a)(1); and, (3) intentional assault, in violation of 18 U.S.C. § 113(a)(5)[2].

On Thursday, April 25, 2013, I held a Status Conference. Towards the end of the Status Conference, the Government raised the issue of exactly how many days remained on Hargrove's speedy trial clock pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. At that time, the Government opined that 56 days remained on Hargrove's speedy trial clock, while Hargrove opined that only three days remained. I expressed no opinion regarding the amount of days remaining on Hargrove's speedy trial clock. The Government then requested that I set a trial date. I refrained from doing so because I did not want to set a "phantom trial date" just for the sake of setting

---

[1] Pursuant to 18 U.S.C. § 111(a):

> (a) In general. Whoever--
>
> > (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title [18 USCS § 1114] while engaged in or on account of the performance of official duties . . .
>
> \* \* \* \*
>
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

[2] Pursuant to 18 U.S.C. § 113(a)(5):

> (a) Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:
>
> \* \* \* \*
>
> (5) Simple assault, by a fine under this title or imprisonment for not more than six months, or both, or if the victim of the assault is an individual who has not attained the age of 16 years, by fine under this title or imprisonment for not more than 1 year, or both.

a trial date, when the issue of how many days remained on Hargrove's speedy trial clock had not yet been resolved.  Because the Government and Hargrove's speedy trial clock calculations varied significantly, I ordered Hargrove to file a motion that clarified his position on how many days remained on his speedy trial clock.  *See* ECF No. 87.  I ordered the Government to respond to Hargrove's motion within seven days of its filing, and precluded Hargrove from filing a reply unless I ordered him to do so.  *Id.*  Pursuant to that Order [ECF No. 87], Hargrove filed a Position Statement Re:  Speedy Trial [ECF No. 85] on April 30, 2013, and the Government filed its Response To Defendant's Position Statement Regarding Speedy Trial [ECF No. 92] on May 13, 2013.  On July 3, 2013, Hargrove filed a Supplemental Position Statement Re:  Speedy Trial [ECF No. 95].

On July 12, 2013, the Government filed a Motion To Set Hearing To Resolve Speedy Trial Act Issues And To Set Trial Dates [ECF No. 97].  In its motion, the Government stated its position regarding Hargrove's speedy trial clock and requested that I hold a hearing to resolve all speedy trial issues.  On July 18, 2013, I issued an Order [ECF No. 98] granting the Government's motion [ECF No. 97] and set a hearing to determine all speedy trial issues for August 5, 2013.  At the August 5, 2013, hearing, both parties presented arguments regarding their position on Hargrove's speedy trial clock.  I set a Final Trial Preparation Conference for September 16, 2013, and scheduled a four-day jury trial to commence on September 23, 2013.  I took the speedy trial issue under advisement.

## ANALYSIS

There is no motion before me asserting a violation of the Speedy Trial Act. Hargrove's counsel adamantly stated such at the August 5, 2013, Motions Hearing. Specifically, Hargrove's counsel stated that he had not filed a motion requesting relief under the Speedy Trial Act and had merely filed two documents giving his position on how many days remained on Hargrove's speedy trial clock [ECF Nos. 85 & 95]. Hargrove's counsel further stated that he intended to file a Motion to Dismiss the Indictment pursuant to a violation of the Speedy Trial Act and the right to a speedy trial under the Sixth Amendment to the Constitution of the United States. Hargrove's counsel stated that he would file such a motion after I issued a definitive ruling on how many days remained on Hargrove's speedy trial clock.

While both parties have presented their positions regarding the exact amount of days remaining on Hargrove's speedy trial clock, there is no motion before me asserting a violation under the Speedy Trial Act. To opine on such issue when it is not properly before the Court *i.e.*, Hargrove has not filed a motion alleging a violation of the Speedy Trial Act, is dangerously close to issuing an advisory opinion. Therefore, I refrain from doing so until the issue is properly before me.

During the August 5, 2013, Motions Hearing, Hargrove's counsel affirmatively represented that he would file a Motion to Dismiss the Indictment and that he would do so after I issued a ruling on how many days remained on Hargrove's speedy trial clock. In light of Hargrove's counsel's representations and the fact that a four-day jury trial is set to commence on Monday, September 23, 2013, it is

ORDERED that Hargrove shall file any motion alleging a violation of his speedy trial rights **on or before Friday**, **August 23**, **2013**.  It is

FURTHER ORDERED that the Government shall respond to such motion **on or before Monday**, **September 2**, **2013**.

Dated:  August 14, 2013.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge